**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

DOUGLAS DUANE AUSTIN,

     Petitioner,              Civil Action No. 18-CV-12201
                                  HONORABLE GEORGE CARAM STEEH
v.                           UNITED STATES DISTRICT JUDGE

PAT WARREN,

     Respondent.

_____/

### OPINION AND ORDER SUMMARILY DISMISSING THE PETITION FOR A WRIT OF HABEAS CORPUS AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY OR LEAVE TO APPEAL *IN FORMA PAUPERIS*

Douglas Duane Austin, ("Petitioner"), confined at the Lenox Correctional Facility in Macomb, Michigan, filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his plea based convictions for two counts of armed robbery, Mich. Comp. Laws § 750.529. Respondent filed a motion to dismiss the petition, on the ground that it was not timely filed in accordance with the statute of limitations contained in 28 U.S.C. § 2244 (d)(1). For the reasons stated below, the petition for a writ of habeas corpus is summarily dismissed.

# I. Background

Petitioner was convicted following the entry of a guilty plea in the Oakland County Circuit Court. The Michigan Court of Appeals denied petitioner's delayed application for leave to appeal for "lack of merit in the grounds presented." *People v. Austin*, No. 326815 (Mich. Ct. App. May 21, 2015). Petitioner filed an application for leave to appeal with the Michigan Supreme Court, which resulted in his case being remanded back to the Oakland County Circuit Court on December 22, 2015, for the judge to consider whether a different sentence would have been imposed, in light of the Michigan Supreme Court's decision in *People v Lockridge*, 498 Mich 358 (2015), which rendered the Michigan Sentencing Guidelines advisory rather than mandatory. *People v. Austin,* 498 Mich. 946 (2015).

On March 4, 2016, the Oakland County Circuit Court judge indicated that he would have imposed the same sentence. Petitioner did not appeal from this decision.

Petitioner signed and dated his habeas petition on July 5, 2018.[1]

Respondent filed a motion to dismiss the petition on statute of

---

[1]Under the prison mailbox rule, this Court will assume that petitioner actually filed his habeas petition on July 5, 2018, the date that it was signed and dated. *See Towns v. U.S.*, 190 F.3d 468, 469 (6th Cir. 1999).

limitations grounds on January 24, 2019.

## II. Discussion

Respondent has filed a motion to dismiss the petition for a writ of habeas corpus on the ground that the petition was not filed in compliance with the statute of limitations. In the statute of limitations context, "dismissal is appropriate only if a complaint clearly shows the claim is out of time." *Harris v. New York*, 186 F.3d 243, 250 (2nd Cir.1999); *see also Cooey v. Strickland,* 479 F.3d 412, 415-16 (6th Cir. 2007).

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), which was signed into law on April 24, 1996, amended the habeas corpus statute in several respects, one of which was to mandate a statute of limitations for habeas actions. 28 U.S.C. § 2244(d) imposes a one-year statute of limitations upon petitions for habeas relief:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed if the applicant was prevented from

filing by such State action;

(C)   the date on which the constitutional right asserted was originally recognized by the Supreme Court if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Although not jurisdictional, the AEDPA's one year limitations period "effectively bars relief absent a showing that the petition's untimeliness should be excused based on equitable tolling and actual innocence." *See Akrawi v. Booker,* 572 F.3d 252, 260 (6th Cir. 2009).  A petition for a writ of habeas corpus must be dismissed where it has not been filed within the one year statute of limitations. *See Holloway v. Jones,* 166 F. Supp. 2d 1185, 1187 (E.D. Mich. 2001).  Furthermore, a merits decision is unnecessary where a district court denies a habeas petition on statute of limitations grounds. *See Bachman v. Bagley,* 487 F.3d 979, 982 (6th Cir. 2007).

Although the Michigan appellate courts affirmed petitioner's conviction in 2015, petitioner's case was remanded to the Oakland County Circuit Court for possible re-sentencing pursuant to *People v. Lockridge*. Where a state appellate court affirms a habeas petitioner's conviction but

reverses his sentence, the judgment against the petitioner becomes final, for commencing the one-year period for filing a habeas petition, when direct review of the new sentence is completed or the time for petitioner to seek direct review expired. *See Rashad v. Lafler,* 675 F.3d 564, 567-69 (6th Cir. 2012). Following remand, the Oakland County Circuit court affirmed the original sentence on March 4, 2016. Petitioner did not appeal this decision. ECF 9-1, PageID.63.

The court must initially determine when petitioner's conviction became "final," in order to determine when the limitations period began running. *See Williams v. Wilson*, 149 F. App'x 342, 345 (6th Cir. 2005). For purposes of commencing the one year limitations period pursuant to § 2244(d)(1)(A), a state-court judgment becomes "final" when direct review by the state court ends or when the time to seek direct review expires, whichever comes later. *See Wilberger v. Carter*, 35 F. App'x 111, 114 (6th Cir. 2002).

The Oakland County Circuit Court affirmed petitioner's sentence on March 4, 2016. Petitioner had six months after denial of a re-sentence, to file a delayed application for leave to appeal, pursuant to M.C.R. 7.205(F)(3). Because petitioner never filed leave to appeal from the circuit

court's denial of a re-sentence, the judgment of sentence became finalized, for the purposes of § 2244(d)(1)(A), six months after the sentencing, when the time limit for filing a direct appeal in the Michigan Court of Appeals expired pursuant to M.C.R. 7.205(F)(3). *See Williams v. Birkett*, 670 F.3d 729, 731 (6th Cir. 2012). Petitioner had until September 6, 2016,[2] to timely file a delayed application for leave to appeal with the Michigan Court of Appeals. The AEDPA's one-year statute of limitations for filing a habeas petition began running on September 7, 2016. Petitioner had one year to file his habeas petition from this date. Petitioner filed a *pro se* habeas petition on July 5, 2018. The petition is untimely.

The AEDPA's statute of limitations "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). A habeas petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way'" and prevented the timely filing of the habeas petition. *Id.* at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). The Sixth Circuit has observed that "the doctrine of equitable

---

[2]September 4, 2016 fell on a Sunday and September 5, 2016 was a legal holiday (Labor Day); therefore, petitioner had until September 6, 2016, to file a delayed application for leave to appeal. *See* MCR 1.108(1).

tolling is used sparingly by federal courts." *See Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010). Thus, the burden is on a habeas petitioner to show that he is entitled to the equitable tolling of the one year limitations period. *Id.*

Petitioner alleges that he is entitled to equitable tolling due to his mental impairment, which prevented the timely filing of his habeas petition. A petitioner's mental incompetence, which prevents the timely filing of a habeas petition can be an extraordinary circumstance to excuse a petitioner's failure to file a timely petition and entitle him to equitable tolling of the AEDPA's statute of limitations based on mental incompetence; however, a petitioner must demonstrate that "(1) he is mentally incompetent and (2) his mental incompetence caused his failure to comply with AEDPA's statute of limitations." *See Ata v.Scutt*, 662 F.3d 736, 742. But, "[A] blanket assertion of mental incompetence is insufficient to toll the statute of limitations." *Id.* The petitioner must show "a causal link between the mental condition and untimely filing." *Id.*

The Sixth Circuit has noted that "mental illness is not the same as mental incompetence." *Watkins v. Deangelo-Kipp*, 854 F.3d 846, 852 (6th Cir. 2017) (citing *Cowans v. Bagley*, 639 F.3d 241, 247–48 (6th Cir. 2011)).

Although petitioner claims that he suffers from a major mental health disorder which prevented him from preparing his habeas petition, ECF 1, PageID.16, the record does not support a finding that petitioner was incompetent during any portion of the statute of limitations period. *See Price v. Jamrog*, 79 F. App'x 110, 112–13 (6th Cir. 2003)(determining that, though the petitioner argued that he suffered from bipolar disorder, there is nothing in the record to suggest that petitioner was incompetent during all or even a significant portion of the limitations period).

Furthermore, petitioner contacted a "legal writer" to put together a habeas petition prior to the running of the statute of limitations. (See ECF 1, PageID.16. "In the pursuant year following my Michigan Supreme Court Decision, I sought the help of a [* 'legal writer'] who told me he would help me put together my Habeas petition. . . . After payment he told me, 'I'll put everything together and get back to you.'...The 'legal writer' never contacted me again after that, which pushed me past by deadline."). Petitioner was competent enough to pursue his claims and seek legal assistance. *See Price v. Lewis*, 119 F. App'x 725, 726–27 (6th Cir. 2005)(petitioner failed to demonstrate that his mental illness "actually prevent[ed]" him from pursuing his legal rights because petitioner "actively

pursued his claims during the limitations period by seeking and obtaining help completing legal paperwork"). Although petitioner claims that the "legal writer" did not inform him of the deadline for filing a habeas petition, a petitioner's "alleged unawareness of the one year limitations period imposed by the AEDPA cannot serve to equitably toll the one year statute of limitations." *Brown v. McKee*, 232 F. Supp. 2d 761, 767 (E.D. Mich. 2002). Petitioner has failed to show that he was mentally incompetent during the limitations period or that his mental incompetence caused the untimely filing of his habeas petition.

The one year statute of limitations may be equitably tolled if the petitioner can make a credible showing of actual innocence under the standard enunciated in *Schlup v. Delo,* 513 U.S. 298 (1995). *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). The Supreme Court cautioned that "tenable actual-innocence gateway pleas are rare[.]" *Id.* "[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.* (quoting *Schlup*, 513 U.S., at 329). Moreover, in determining whether petitioner makes out a compelling case of actual innocence, so as to toll the

AEDPA's limitations period, "'the timing of the [petition]' is a factor bearing on the 'reliability of th[e] evidence' purporting to show actual innocence." *Id.* (quoting *Schlup,* 513 U.S. at 332). For an actual innocence exception to be credible under *Schlup*, such a claim requires a habeas petitioner to support his allegations of constitutional error "with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial." *Schlup*, 513 U.S. at 324.

Petitioner's case falls outside of the actual innocence tolling exception, because petitioner has presented no new, reliable evidence to establish that he was actually innocent of the crimes charged. *See Ross v. Berghuis,* 417 F.3d 552, 556 (6th Cir. 2005). Although petitioner challenges the scoring of his sentencing guidelines, he does not claim that he is innocent of the underlying charges. Because the "AEDPA's time limitations apply to the typical case in which no allegation of actual innocence is made," petitioner's claims are barred by the AEDPA's statute of limitations. *McQuiggin,* 569 U.S. at , 394.

### III. Conclusion

The Court determines that the current habeas petition is barred by

the AEDPA's one year statute of limitations contained in § 2244(d)(1). The Court will summarily dismiss the current petition. The Court will also deny petitioner a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A) and F.R.A.P. 22(b) state that an appeal from the district court's denial of a writ of habeas corpus may not be taken unless a certificate of appealability (COA) is issued either by a circuit court or district court judge. If an appeal is taken by an applicant for a writ of habeas corpus, the district court judge shall either issue a certificate of appealability or state the reasons why a certificate of appealability shall not issue. F.R.A.P. 22(b). To obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).

When a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "The district court must issue or deny

a certificate of appealability when it enters a final order adverse to the applicant." *See* Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

The Court will deny petitioner a certificate of appealability, because reasonable jurists would not find it debatable whether this Court was correct in determining that petitioner had filed his habeas petition outside of the one year limitations period. *Grayson v. Grayson,* 185 F. Supp. 2d 745, 753 (E.D. Mich. 2002). The Court will also deny petitioner leave to appeal *in forma pauperis,* because the appeal would be frivolous. *Myers v. Straub,* 159 F. Supp. 2d 621, 629 (E.D. Mich. 2001).

## IV. ORDER

Based upon the foregoing, IT IS ORDERED that the petition for a writ of habeas corpus is **DISMISSED WITH PREJUDICE.**

IT IS FURTHER ORDERED That a certificate of appealability is **DENIED.**

IT IS FURTHER ORDERED that petitioner will be **DENIED** leave to appeal *in forma pauperis.*

Dated: April 11, 2019

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

-12-

**CERTIFICATE OF SERVICE**

Copies of this Order were served upon attorneys of record on April 11, 2019, by electronic and/or ordinary mail and also on Douglas D. Austin #734847, Macomb Correctional Facility, 34625 26 Mile Road, New Haven, MI 48048.

s/Barbara Radke
Deputy Clerk